Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

MAURO MACIAS,
)
 No. 08-02-00212-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 168th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20010D04393)


MEMORANDUM OPINION



 Mauro Macias appeals from a judgment revoking community supervision. He complains that
he has not been given credit for all of the time he was confined in the El Paso County Detention
Facility. We affirm.

FACTUAL SUMMARY


 Appellant waived his right to a jury trial and entered a negotiated plea of guilty to possession
of more than fifty but less than 2,000 pounds of marihuana. The trial court assessed punishment in
accordance with the plea bargain at a $1,000 fine and imprisonment for seven years, probated for
seven years. One of the terms and conditions of community supervision required Appellant to
perform 500 hours of community service as designated by the Community Supervision and
Corrections Department. The court also directed him to participate in drug and alcohol treatment
programs. Another condition required him to spend either 180 days or an unspecified period of time
confined in the El Paso County Detention Facility. (1) The record does not reflect the amount of time
Appellant actually spent at the El Paso County Detention Facility.

 The trial court subsequently revoked community supervision and reduced Appellant's
punishment to imprisonment for a term of two years. At sentencing, Appellant asked whether the
trial court would give him credit for his "trustee time" at the county facility and he asked for two
days additional credit on the work program. The trial court reviewed a statute offered by Appellant
and determined that the statute applied only to county jail sentences. The court advised Appellant
that his request for additional credit should be addressed by the Institutional Division of the Texas
Department of Criminal Justice. The judgment gave Appellant credit for 172 days served.

 A few weeks after sentencing, Appellant, acting pro se, wrote a letter to the trial court clerk
asking that he be given additional credit pursuant to Article 43.09(a) and (d) and Article 43.10 of the
Code of Criminal Procedure. He attached a "time served calculation sheet" showing jail credit of
171 days. At the same time, he filed written notice of appeal.

JAIL CREDIT


 In his sole issue on appeal, Appellant challenges the trial court's failure to give him
additional credit for work performed while incarcerated at the El Paso County Detention Facility. 
First, he argues that he is entitled to additional credit pursuant to Article 43.09(a) of the Code of
Criminal Procedure. (2) Second, he contends he is entitled to additional credit for manual labor
performed as provided by Article 43.10 of the Code of Criminal Procedure. (3) Appellant recognizes
that these statutes pertain to manual labor and confinement performed after conviction and
sentencing, not for work prior to sentencing, but he argues that the Thirteenth Amendment of the
United States Constitution and the Texas Constitution require that the work should be compensated
in the same manner regardless of when it is performed. Presumably, Appellant intends to argue that
the statutes are unconstitutional in their application to him.

 The State asserts that Appellant failed to preserve these complaints regarding his credit
because he did not present them to the trial court when he had an opportunity to do so. We agree. 
As a prerequisite to presenting a complaint for appellate review, the record must show that the
complaint was presented to the trial court by a timely request, objection, or motion that stated the
grounds for the ruling sought from the trial court with sufficient specificity to make the trial court
aware of the complaint. Tex.R.App.P. 33.1(a)(1)(A). Further, a defendant's complaint on appeal
must comport with the objection raised at trial. Santellan v. State, 939 S.W.2d 155, 171
(Tex.Crim.App. 1997). Appellant asked the trial court to award him credit for his "trustee time" but
he did not bring his request for additional credit pursuant to Articles 43.09 and 43.10 when he had
an opportunity to apprise the trial court of his request. Moreover, he did not raise the constitutional
issues in the trial court. Therefore, Appellant has not preserved these issues for our review.

 Even had he done so, the record before us is simply inadequate to address the merits of
Appellant's complaints and the State's responses. The judgment reflects that the trial court gave
Appellant credit for the 172 days he had been confined in connection with this cause. Other than
Appellant's allegations, there is no evidence in the record demonstrating that Appellant actually
performed manual labor at the El Paso County Detention Facility. Consequently, Appellant has not
established that Articles 43.09 and 43.10 have any arguable application to him. Appellant's
complaints are best addressed through other avenues. See Tex.Gov't Code Ann. § 501.0081
(Vernon Supp. 2003)(providing administrative remedy for resolution of disputes involving time-served credits; must be pursued prior to filing of writ of habeas corpus under Article 11.09 of the
Texas Code of Criminal Procedure). Appellant's issue is overruled and the judgment of the trial
court is affirmed.


August 7, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)

1. Condition "p" provides: "Submit to a period of detention in the El Paso County Detention Facility for a
period of 180 days or any portion thereof at the Court's discretion. Submit to a period of detention for _________ days." 

2. Article 43.09 governs the discharge of fines and court costs through either manual labor or confinement in
jail by those defendants who are unable to pay the fine and costs assessed against them. See Tex.Code Crim.Proc.Ann.
art. 43.09 (Vernon Supp. 2003).
3. Article 43.10 relates to the performance of manual labor by inmates in the county jail for the discharge of their
sentences, fines, and court costs. Tex.Code Crim.Proc.Ann. art. 43.10 (Vernon Supp. 2003).